IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN M. ROSARIO-DÁVILA,<br><br>        Plaintiff<br><br>            v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>        Defendants | CIVIL NO. 09-1343 (JP) |

## OPINION AND ORDER

Before the Court is Defendant Ford Motor Company's ("Ford") motion to dismiss (**No. 10**) and Plaintiff Juan Rosario-Dávila's ("Rosario") opposition thereto (No. 16). Plaintiff Rosario brought this law suit against Defendant for strict liability and negligence pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. Defendant Ford moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's claim is time-barred. For the reasons stated herein, Defendant's motion is hereby **GRANTED**.

## I.    FACTUAL ALLEGATIONS

Plaintiff Rosario alleges that, on January 23, 2006, Rosario, a taxi driver, was driving his 1995 Lincoln Town Car after taking a passenger to a designated area. While driving the car on Road 686 in the Manatí, Puerto Rico area, Plaintiff lit a cigarette with the vehicle's lighter. All of a sudden, a "ball of fire" emerged from

CIVIL NO. 09-1343 (JP)            -2-

the area surrounding the vehicle's driving wheel.  The "ball of fire"
burned his face, arms, and back.

Rosario applied the vehicle's brakes and was able to stop his
car at the side of the road.  However, he remained in the vehicle
while burning for a few minutes because Plaintiff was unable to
unlock the seatbelt system.  The seatbelt system did not work because
of the extreme heat caused by the fire.

Plaintiff suffered second and third degree burns on his body.
He also believed he would die for a few minutes since he could not
get out of the car.  Rosario alleges that he suffered extreme
physical pain, permanent scars, and mental anguish.

Rosario alleges that the harm he suffered was directly and
proximately caused by Defendant because Defendant sold and
manufactured the vehicle which was negligently designed, tested, and
assembled.  Also, Defendant failed to warn and/or instruct users of
the defect in the 1995 Lincoln Town Car.  The defect was located in
the vehicle's speed control deactivation switch.  Plaintiff alleges
that Defendant failed to modify and correct the defect in a timely
manner once it became aware of the defect.

In September 2007, Ford Motor Company sent a recall letter to
Plaintiff stating:

> This notice is sent to you in accordance with the
> requirements of the National Traffic and Motor Vehicles
> Safety Act.

CIVIL NO. 09-1343 (JP)          -3-

> Ford Motor Company has decided that a defect which relates
> to motor vehicle safety exists in certain 1992-2004
> vehicles equipped with speed control.  We apologize for
> this situation and want to assure you that, with your
> assistance, we will correct this condition.   Our
> commitment, together with Ford and Lincoln Mercury
> dealers, is to provide you with the highest level of
> service and support.
>
> Ford cannot be confident that over many years in service,
> the type of Speed Control Deviation Switch (SCDS) equipped
> on your vehicle will not leak, posing the risk of an
> underhood fire.  This condition may occur either when the
> vehicle is parked or when it is being operated, even if
> the speed control is not in use.

Plaintiff then filed the instant complaint on April 14, 2009.

## II.   LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969.  Still, a court must "treat all allegations in the Complaint

CIVIL NO. 09-1343 (JP)          -4-

as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. ANALYSIS

Defendant moves for the Court to dismiss Plaintiff's case based on the complaint being time-barred. Plaintiff opposes said motion. The Court will now consider Defendant's argument.

#### A. Time-Bar

Under Article 1802, P.R. Laws Ann. tit. 31, § 5141 ("Article 1802"), a person who causes damage to another through fault or negligence shall be liable for damages. The statute of limitations for Article 1802 claims is one year from the time the aggrieved person has knowledge of the injury. Rodríguez-Surís v. Montesinos, 123 F.3d 10, 13 (1st Cir. 1997).

A cause of action under Article 1802 accrues "when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." Tokyo Marine & Fire Ins. Co., Ltd., v. Pérez & Cía. de Puerto Rico, Inc., 142 F.3d 1, 3 (1st Cir. 1998). A party has notice of the injury when there is some outward or physical sign through which the injured party may become aware and realize that he has suffered an injury, which when known becomes a damage even if at the time its full scope and extent cannot be weighed. Kaiser v. Armstrong World Industries, Inc., 872 F.2d 512, 516 (1st Cir. 1989).

CIVIL NO. 09-1343 (JP)          -5-

In the instant motion, Defendant argues that Plaintiff's action accrued on the date of the accident, January 23, 2006, and therefore the action filed on April 14, 2009 would be time-barred.  In response, Plaintiff argues that the action is not time-barred because: (1) the cause of action did not accrue until Plaintiff received the recall letter from Defendant in September 2007; (2) the extrajudicial letter sent to Defendant Ford on September 22, 2008 tolled the statute of limitations until the time the complaint was filed; and (3) Plaintiff was unable to take any action due to injury he suffered until January 23, 2007.

After examining the parties arguments, the Court holds that the complaint is time-barred.  Plaintiff's action accrued on the date of the accident, January 23, 2006, because, on that date, Plaintiff was put on notice of both the "injury and of the likely identity of the tortfeasor."  Tokyo Marine & Fire Ins. Co., Ltd., 142 F.3d at 3. Plaintiff was injured, and became aware of the injury, on said date when a "ball of fire" emerged from the area surrounding the driving wheel of the 1995 Ford Lincoln Town Car and burned the Plaintiff.

The Court also finds that Plaintiff either knew or should have known the identity of the tortfeasor, Defendant Ford, because he knew that Ford Motor Company manufactured the car.  The fact that Plaintiff did not know the exact reason why the "ball of fire" emerged does not change the fact that Plaintiff  knew the "ball of fire" came from the car manufactured by Defendant.  That was

CIVIL NO. 09-1343 (JP)          -6-

sufficient notice of the likely tortfeasor for Plaintiff to bring the instant action. "[S]elf-induced ignorance" will not interrupt the limitations period.   Fragoso v. López, 991 F.2d 878, 886 (1st Cir. 1993).  Accordingly, the action accrued on the date of the accident, January 23, 2006.

The recall letter does not alter the accrual date.  Torres v. E.I. Dupont de Nemours & Company, 219 F.3d 13, 22 (1st Cir. 2000) (finding that product recall was irrelevant for accrual purposes when plaintiffs were put on notice of potential legal cause of action at time of injury).  Furthermore, the extrajudicial letter sent to Defendant Ford Motor Company on September 22, 2008 did not toll the statute of limitations because the statute of limitations had already run by the time the letter was sent.  The limitations period ended on January 23, 2007.

Lastly, Plaintiff's argument that he was unable to bring the case until January 23, 2007 because of the injuries suffered is unavailing.  Plaintiff cited no cases in support of the conclusion that such a situation would toll the statute of limitations. Moreover, even if the accrual date were tolled until January 23, 2007, the complaint would still be time-barred because Plaintiff did not file the complaint by January 23, 2008.  Therefore, the Court finds that the complaint filed by Plaintiff on April 14, 2009 is time-barred.

CIVIL NO. 09-1343 (JP)          -7-

IV.   **CONCLUSION**

The Court holds that Plaintiff's complaint against Defendant Ford Motor Company is time-barred.  In accordance with this Opinion and Order, the Court will enter a separate judgment dismissing the complaint.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of October, 2009.


                              s/Jaime Pieras, Jr.
                              JAIME PIERAS, JR.
                          U.S. SENIOR DISTRICT JUDGE